FILED
SUPERIOR COURT
OF GUAM

2025 JUL -9 PM 3:28

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GABRIEL SANTOS,<br><br>                  Plaintiff,<br><br>     vs.<br><br>KARL SAN NICOLAS,<br><br>                Defendant. | DOMESTIC CASE NO. DM0114-25<br><br>**DECISION AND ORDER REGARDING MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY, OR MOTION TO JOIN A PARTY** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 8, 2025, for a Motion Hearing on the Motion to Dismiss for Failure to Join a Party Pursuant to GRCP Rule 19, or in the Alternative, to Join a Party Pursuant to GRCP Rule 20. Attorney Daron Berman appeared for Plaintiff Gabriel Santos, and Attorney Jeffery Cook appeared for Defendant Karl San Nicolas.

The court has reviewed Defendant's Motion Plaintiff's Motion for Failure to Join a Party, as well as Plaintiff's Opposition and Defendant's Reply. Based on this review, the court finds that Defendant's interpretation of 19 G.C.A. §8404(a)(2) incorrectly interprets the law. Therefore, the court now issues this Decision and Order **DENYING** Defendant's Motion for Failure to Join a Party.

# FACTUAL BACKGROUND

The Parties were never married but have one (1) minor child together, to wit: **K.S.N. (DOB: 1/24/2021)**. Plaintiff is currently a resident of Guam, but intends to leave Guam in the near future. It is not clear whether Defendant is a resident of Guam. Prior to the initiation of this action, Defendant was a resident of Las Vegas, Nevada for nearly three (3) years. On information and belief, during the child's first two years of life, the child resided with Plaintiff and Defendant in the home of Defendant's parents, Mr. and Mrs. San Nicolas. Over the past two years, the child has resided half of the time with Plaintiff, and half of the time with the parents of Defendant, Mr. and Mrs. San Nicolas.

# DISCUSSION

## I. GRCP Rule 19 Motion to Dismiss

In his Motion, Defendant argues that "[a]s the child has lived the last two years with Mr. and Mrs. San Nicolas and with Plaintiff under a shared custody agreement, Mr. and Mrs. San Nicolas are necessary parties to these proceedings based on G.R.C.P. Rule 19." Points and Authorities in Support of Motion to Dismiss (May 16, 2025). The Court disagrees.

Under the Guam Rules of Civil Procedure Rule 19(a)(2)(i), a party or parties must be joined as a party in an action if they "claim[] an interest relating to the subject of the action" and are "so situated that the disposition of the action" in their absence may "as a practical matter impair or impede the person's ability to protect that interest..." If that person or people have not been joined, the Court "shall order that the person be made a party." Under GRCP Rule 12(b)(7), a claim may be dismissed for "failure to join a party under Rule 19."

Specifically, Defendant has asserted that failure to join the minor child's paternal grandparents, Mr. and Mrs. San Nicolas, in this action impairs their ability to "protect their custodial interests." Points and Authorities (May 16, 2025). Defendant also asserts that Mr. and Mrs. San Nicolas "clearly have a claim to a custodial interest pursuant to 19 G.C.A. § 8404(a)(2)." *Id.* Pursuant to 19 G.C.A. §8404(a)(2), "[c]ustody *may* be awarded to persons other than the father and mother whenever such award *serves the best interest of the child*" (emphasis added). "Any person who has had de facto custody of the child in a stable and wholesome home and is a fit and proper person shall be prima facia entitled to an award of custody." 19 G.C.A. §8404(a)(2). Defendant has interpreted this statute to mean that a person who had de facto custody of a child in these circumstances has a legal right to custody of the child. However, this interpretation does not align with the prevailing legal standards, as established by the United States Supreme Court.

In *Troxel v. Granville*, the U.S. Supreme Court determined that grandparents do not have an inherent right to visitation over objection of a fit parent. 530 US 57, 69-70 (2000). This case involved a Washington statute which allowed the court to grant visitation rights to "any person" if it was in the best interest of the child. *Id.* at 61. The Court concluded that this statute infringed on the parents' fundamental right to make decisions about their children's upbringing, including visitation, and therefore violated the Fourteenth Amendment Due Process Clause. *Id* at 66. Although this case was about visitation, not custody, the same principle applies here, perhaps to an even greater degree because custody is a more significant infringement on the rights of the parent than visitation. Defendant's argued interpretation of 19 G.C.A. § 8404(a)(2) as granting Mr. and Mrs. San Nicolas an inherent right to custody of the child just because the

child's parents had allowed the child to live with them part-time would be unconstitutional under *Troxel v. Granville*.

The Court finds that Defendant's argument for the required joinder of Mr. and Mrs. San Nicolas as parties is not supported by applicable law. Although Mr. and Mrs. San Nicolas may have a personal interest in the child's well-being, they do not possess a legal custodial right under current law, and therefore their "ability to protect their custodial interest" is not impaired. Mr. and Mrs. San Nicolas are not parties who can "claim an interest relating to" the child, and therefore Plaintiff did not fail to join a necessary party and did not violate GRCP Rule 19. The GRCP Rule 12(b)(7) Motion to Dismiss is therefore DENIED.

**II. GRCP Rule 20 Motion to Join a Party**

Defendant has alternatively requested that Mr. and Mrs. San Nicolas be joined pursuant to GRCP Rule 20 which provides for the permissive joinder of parties. Under GRCP Rule 20, persons may be joined in an action as defendants when they have "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Defendant argues that "Mr. and Mrs. San Nicolas' interest arises out of the occurrences that are the basis of Plaintiff's Complaint for Custody" and that they "have a keen interest in the custody of their grandson and they should be parties to this action." Points and Authorities (May 16, 2025).

The most important words contained in GRCP Rule 20 and Defendant's assertion are "right" and "interest." Mr. and Mrs. San Nicolas may have a familial and emotional interest in the child, but that does not mean that they have a legal interest or right to be joined as parties in a matter determining custody of the child. As discussed above, Defendant's interpretation of 19

G.C.A. § 8404(a)(2), which suggests that de facto custodians may challenge a fit parent's custodial rights, conflicts with constitutional protections under the Due Process Clause. Mr. and Mrs. San Nicolas may have a personal interest that "arises out of the same occurrence" as Mr. Karl San Nicolas' interest, but they do not have a "right to relief" because they have no legal interest in the child under the current circumstances. Defendant's GRCP Rule 20 Motion to Join a Party is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss for Failure to Join a Party, and DENIES Defendant's Motion to Join a Party under GRCP Rule 20.

A motion hearing for Plaintiff's Motion for *Pendente Lite* Custody Order and Authorization to Relocate with Minor Child will be held in this matter on: **July 23, 2025, 9:00am.**

SO ORDERED, this _9th_ day of _July_ 2025.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam